IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-00322-F-1
No. 5:14-CV-00443-F

| | |
|---|---|
| ASHLEY DAIVON McCANTS,<br>Petitioner, | )<br>)<br>) |
| v. | )    O R D E R<br>) |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>) |

This matter is before the court on the Government's Motion to Dismiss [DE-40] Ashley Daivon McCants's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-36]. The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED, and McCants's § 2255 motion is DENIED.

## I. Factual and Procedural Background

On September 25, 2012, McCants was charged in a single-count indictment with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See* Indictment [DE-1]. At his arraignment, held on January 29, 2013, McCants pled guilty to Count One pursuant to a written plea agreement [DE-28].

The court held McCants's sentencing hearing on May 15, 2013, and sentenced him to 57 months' imprisonment. *See* Judgment [DE-33]. McCants did not file an appeal.

On August 5, 2014, the court received McCants's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-36]. In his § 2255 motion, McCants's sole argument is that the Wake County Sheriff's Department violated his Fourth Amendment rights when an

officer searched his cell phone in violation of *Riley v. California*, 134 S. Ct. 2473 (2014). On September 15, 2014, the Government filed its Motion to Dismiss [DE-40].

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## III. Discussion

**McCants's sole claim is barred by the waiver in his plea agreement.**

McCants's plea agreement contained a waiver of his right to challenge his conviction or sentence under 28 U.S.C. § 2255, except in limited circumstances. Such a waiver is enforceable

2

if the defendant waives this right knowingly and voluntarily. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). The determination regarding whether a waiver is knowing and voluntary depends "upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused." *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The truth of sworn statements made during a Rule 11 colloquy is conclusively established, absent extraordinary circumstances. *Lemaster*, 403 F.3d at 221-22.

In this case, McCants's plea agreement, which he signed and agreed to in open court, contains the following waiver:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement [DE-28] at 1. The court finds that McCants's waiver was both knowing and voluntary. Moreover, even if it were not, McCants is foreclosed from raising the issue because he did not raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.").

McCants's claim that the Wake County Sheriff's Department violated his Fourth Amendment rights when an officer searched his cell phone in violation of *Riley* does not deal with ineffective assistance of counsel or prosecutorial misconduct not known to him at the time

3

of his guilty plea. Accordingly, pursuant to the waiver in his plea agreement, McCants has waived the right to pursue this claim.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-40] is ALLOWED, and McCants's § 2255 motion [DE-36] is DENIED.

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that McCants has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 1 day of December, 2015.

_James C. Fox_
James C. Fox
Senior United States District Judge